USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/03/2020

# THE LAW OFFICES OF

# Richard J. DaVolio, P.C.
ATTORNEY AT LAW

E-mail
Richard.davolio@rjdpclaw.com

160 Main Street Suite 104
Sayville, New York 11782

(631) 569-3070

FACSIMILE (631) 207-2108

VIA ECF

January 8, 2020

Honorable Judge Lorna G. Schofield
United States Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

*Application DENIED as moot in light of Judge Cave's scheduling order at Dkt. No. 45.*

*Dated: March 3, 2020*
*New York, New York*

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: Simmons vs. National Railroad Passenger Corporation, et. al.
19-cv-06986 (LGS) (HBP)

Dear Honorable Judge Schofield:

I write to request this court grant the following application;

1. To dismiss the plaintiff's action for non-compliance with the case management order.

At the initial case management conference and pre-motion conference held on September 19, 2019 an application was made by counsel for the defendant, National Railroad Passenger Corporation and joined by the undersigned for a stay of discovery pending the Rule 12 (b) (2) motion to dismiss. That application was opposed by counsel for the plaintiff. This Honorable Court denied the application to stay discovery and in fact issued an order for the completion of discovery. All fact discovery is to be completed no later than January 17, 2020.

As of today, the plaintiff has failed to serve any discovery whatsoever. Counsel has failed to serve a responsive Rule 26 disclosure, has failed to serve interrogatories, has failed to provide medical records of any type and has failed to provide authorizations of any type.

While the Rule 12 (b) (2) motion is pending, counsel for the plaintiff sent an email with regard to the filing of a courtesy copy of the motion papers. In response to that e-mail I wrote back to counsel advising of his failure to comply with the demands served,

Re:     Simmons vs. National Railroad Passenger Corporation, et. al.
         19-cv-06986 (LGS) (HBP)

the automatic discovery required as well as his failure to comply with the court case management order. (Ex. A) In that same letter I even suggested that counsel write a joint letter requesting an extension of the case management order to comply with the fact discovery requirements.

Counsel for the defendant, National Railroad Passenger Corporation responded and suggested a joint letter be issued as well. These e-mails were all dated December 20, 2019 and were sent within hours of the email from plaintiff's counsel and responded to the exact e-mail address that counsel used to send out his request. Counsel has failed to respond to any of the emails and has failed to discuss a request for an extension of the discovery deadlines.

This is not the first time during this case that counsel has failed to comply with an order of this Honorable Court. Pursuant the court docket, this Honorable Court issued a letter demanding compliance from plaintiff's counsel on October 29, 2019 as counsel failed to advise the court with regard to his trial so as to set his response date to oppose the defendants' motions. This Honorable Court then issued a show cause order on December 2, 2019 as counsel failed to respond to the motions to dismiss.

Counsel was and is aware of the case management requirements, not only based on his presence at the initial court conference, the court docket but also through the email communication exchanged with him, yet he has failed to act.

It can only be said that the continued failure to comply is willful. As indicated above, this failure is not the first time that he has failed to comply with the case management order or the rules of this Honorable Court. It is submitted that his willful and wanton violations of the orders of the Court must not go unpunished.

This latest violation bears the sanction of dismissal of the action.

A court has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant ... for disobeying the court's orders[.]"*Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002). "The imposition of sanctions pursuant to Rule 37 (and ... Rule 16(f)) is a matter committed to the sound discretion of the District Court." *Neufeld v. Neufeld*, 172 F.R.D. 115, 118 (S.D.N.Y. 1997). The purpose of such sanctions, including dismissal, is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49–50 (2d Cir. 1994) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). *Teller v. Helbrans* 2019 WL 5842649 (E.D.N.Y. 2019)

Rule 16(f) of the Federal Rules of Civil Procedure provides that a "court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party ... fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A) & (C). Rule 37(b) provides that a court may issue sanctions if a party "fails to obey an order to provide or permit

Re: Simmons vs. National Railroad Passenger Corporation, et. al.
19-cv-06986 (LGS) (HBP)

discovery," Fed. R. Civ. P. 37(b)(2)(A), while Rule 16(f) provides that a court may issue sanctions if a party "fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order," Fed. R. Civ. P. 16(f)(1)(A) & (C).

As the court stated in Garcia v. City of New York 2019 WL 4199855 (E.D.N.Y. 2019) "Garcia failed to appear at two pretrial conferences and failed to obey three Court orders. First, he failed to appear at the status conference scheduled for December 12, 2018, despite being notified, thereby missing a conference and disobeying the Court's order to appear. (*See* Scheduling Order dated Sept. 11, 2018); Garcia then failed to show cause why he did not appear for that conference, despite being mailed a copy of the Order to Show Cause. (*See* Order to Show Cause dated Dec. 13, 2018). Lastly, he failed to appear at the status conference scheduled for February 5, 2019, (Scheduling Order dated Dec. 13, 2018), thereby missing a second conference and disobeying another Court order to appear in person, (Order dated Feb. 5, 2019). These repeated failures warrant sanctions under both Rule 16(f)(1)(A) (failure to appear at a scheduling or other pretrial conference) and 16(f)(1)(C) (failure to obey a scheduling or other pretrial order). *See, e.g.*, Johnson v. New York City, No. 14-CV-4278, 2015 WL 12999661, at *1 (E.D.N.Y. Jan. 12, 2015) (recommending dismissal under Rules 16(f) and 37(b)(2)(A)(v) for lateness and failure to appear at two Court-ordered conferences), *report and recommendation adopted*, 2015 WL 12990999 (Feb. 2, 2015), *aff'd*, 646 F. App'x 106 (2d Cir. 2016)." *Garcia v. City of New York* 2019 WL 4199855 (E.D.N.Y. 2019)

In the case at bar, the plaintiff has failed to comply with multiple orders of the court.

Plaintiff apparently has not learned from the first time nor the second time that he failed to comply with regard to the motion. Nor does it appear that he has learned from this Honorable Courts admonishment "Plaintiff's counsel is reminded that Court-ordered deadlines are not optional, and untimely filings will not be accepted moving forward." (Court docket 39). He has again failed to comply by not serving discovery in a timely at all to allow fact discovery be completed by the date certain as ordered by this Honorable Court.

It is therefore respectfully submitted that based on the multiple failures of the plaintiff to comply with the orders of this court that an order of dismissal be issued.

Respectfully Submitted,
The Law Offices of Richard J. DaVolio, P.C.

*Richard J. DaVolio*
Richard J. DaVolio (RD1037)

Re: Simmons vs. National Railroad Passenger Corporation, et. al.
19-cv-06986 (LGS) (HBP)

Cc: PHILIP J. DINHOFER, ESQ
PHILIP J. DINHOFER. LLC
Attorney for Plaintiff, ELSIE SIMMONS
77 N. Centre Ave. – Suite 311
Rockville Centre, New York 11570
(516) 678-3500

COLIN PEI KAI BE', ESQ.
LANDMAN, CORSI, BALLAINE & FORD, P.C.
Attorneys for Defendant, NATIONAL RAILROAD PASSENGER CORPORATION
One Gateway Center, 4th Floor
Newark, New Jersey 07102
(973) 623-2700