```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ELSIE SIMMONS,                                              :
                                        Plaintiff,          :
                                                            :   19 Civ. 6986 (LGS)
                -against-                                   :
                                                            :   OPINION AND ORDER
                                                            :
NATIONAL RAILROAD PASSENGER                                 :
CORPORATION, et al.,                                        :
                                        Defendants.         :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Elsie Simmons brings this action for personal injuries against the National Railroad Passenger Corporation ("Amtrak"), Union Station Investco LLC, Ashkenazy Acquisition Corp., Jones Lang Lasalle Americas, Inc. and Interstate Cleaning Corporation (collectively "Defendants"). Defendants move to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). As explained below, Amtrak's motion to dismiss the sole federal claim is granted; the Court declines to exercise supplemental jurisdiction over the surviving state law claims; the case is remanded to state court and the remaining Defendants' motion is denied as moot.

I.  **BACKGROUND**

The following facts relevant to Defendants' motions are taken from the Complaint and are accepted as true for purposes of this motion. *See Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019).

On April 7, 2016, Plaintiff purchased a round trip eTicket from Amtrak to travel on May 5, 2016, from Pennsylvania Station, New York, New York to Newport News, Virginia, and to return on May 9, 2016. On May 9, 2016, while en route from Newport News to Pennsylvania

Station, Plaintiff's train stopped at Union Station in Washington, D.C. During the time the train was stopped, Amtrak permitted the passengers to leave the train. Plaintiff disembarked, used the women's bathroom in Union Station and, while walking from a stall in the bathroom to the sink area, she "was caused to suddenly and without warning slip, trip and fall upon an accumulation of water and/or other liquid substance that was situated on the floor thereat and to thereby sustain severe and permanent personal injuries."

On May 3, 2019, Plaintiff filed a complaint in the Supreme Court of the State of New York, Bronx County. On July 25, 2019, Amtrak removed the action to this Court. Plaintiff's motion to remand was denied on September 9, 2019. Defendants filed the instant motions to dismiss on October 17, 2019. After initially failing to oppose the motions by the deadline of November 26, 2019, Plaintiff filed a belated letter on December 5, 2019, which was construed as an opposition. Amtrak filed a reply on December 10, 2019.

## I. STANDARD

"A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) (quotation marks omitted); *accord Newmont Mining Corp. v. AngloGold Ashanti Ltd.*, 344 F. Supp. 3d 724, 735 (S.D.N.Y. 2018). When a motion to dismiss is decided on the basis of the complaint and affidavits rather than a full-blown evidentiary hearing, the plaintiff need only make a prima facie showing that jurisdiction exists. *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012); *accord Newmont Mining Corp.*, 344 F. Supp. 3d at 735 n.3. "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *MacDermid*, 702 F.3d at 727; *accord Newmont Mining Corp.*, 344 F. Supp. 3d at 735 n.3. A prima facie showing "must include an averment of

facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 342 (2d Cir. 2018) (internal quotation marks omitted).

As in the Rule 12(b)(6) context, a court is not bound to "accept as true a legal conclusion couched as a factual allegation" in determining whether jurisdiction exists. *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (quotation marks omitted); *accord Amtrust Fin. Servs., Inc. v. Lacchini*, 260 F. Supp. 3d 316, 327 (S.D.N.Y. 2017). Rather, the allegations or evidence of activity constituting the basis of jurisdiction must be non-conclusory and fact specific. *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998); *accord Madison Capital Mkts., LLC v. Starneth Eur. B.V.*, No. 15 Civ. 7213, 2016 WL 4484251, at *3 (S.D.N.Y. Aug. 23, 2016).

## II.   AMTRAK'S MOTION TO DISMISS

"A plaintiff must have a state-law statutory basis for jurisdiction and demonstrate that the exercise of personal jurisdiction comports with due process." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 82 (2d Cir. 2018). Subject to limitations imposed by the United States Constitution and federal statutes, a federal district court looks to the law of the forum state to determine whether it has personal jurisdiction over a non-domiciliary. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). The Complaint describes Amtrak as a "foreign corporation organized . . . in the District of Columbia . . . and authorized to do business [in] . . . New York . . . and . . . [elsewhere]." Plaintiff asserts that the Complaint states a basis for personal jurisdiction against Amtrak because of "the New York based nature of the contractual relationship" between Amtrak and Plaintiff. Specifically, Plaintiff argues in her opposition that the contract of passage was made in New York, and Defendant's liability allegedly stems from

3

"its breach of the contract of safe passage" even though the Complaint in substance asserts a negligence claim sounding in tort.

Plaintiff relies on the provision in New York's long-arm statute that permits a court to exercise personal jurisdiction over a non-domiciliary as to a causing of action arising from the defendant's "transact[ing] any business within the state or contract[ing] anywhere to supply goods or services in the state . . . ." C.P.L.R. § 302(a)(1). "[I]n determining whether personal jurisdiction may be exercised under section 302(a)(1), a court must decide (1) whether the defendant transacts any business in New York and, if so, (2) whether this cause of action arises from such a business transaction." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012) (quotation marks and alterations omitted); *accord Rosenblatt v. Coutts & Co. AG*, 750 F. App'x 7, 9 (2d Cir. 2018) (summary order).

The Complaint alleges facts that satisfy the transacting business requirement. "A non-domiciliary defendant transacts business in New York when on his or her own initiative, the non-domiciliary projects himself or herself into this state to engage in a sustained and substantial transaction of business." *D & R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 78 N.E.3d 1172, 1175 (N.Y. 2017) (alterations and internal quotation marks omitted). Here**,** the Complaint alleges, and Amtrak does not dispute, that during the relevant time Amtrak "operated a system of railroads, railroad tracks, railroad stations and railroad yards within the State of New York," and that Amtrak sold tickets at Pennsylvania Station and to individuals located in New York through the internet, "permit[ing] them to travel upon [Amtrak's] trains [within] and [outside] the State of New York."

However, this alone is insufficient, as "both New York's long-arm statute and the Due Process Clause require that [Amtrak's] contacts with New York have some connection to

4

[Plaintiff's] claim." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 166 (2d Cir. 2010). "[T]he plaintiff's cause of action must have an 'articulable nexus' or 'substantial relationship' with the defendant's transaction of business here." *D & R Glob.*, 78 N.E.3d at 1176. This nexus requirement is satisfied "where at least one element [of the cause of action] arises from the New York contacts." *D & R Glob.*, 78 N.E.3d at 1176 (quotation marks omitted). "There is no bright-line test for determining whether the 'nexus' is present in a particular case. This inquiry is a fact-specific one . . . ." *Licci ex rel. Licci*, 673 F.3d at 67 (quotation marks omitted).

Plaintiff asserts personal jurisdiction based on "the fact that the contract of passage was made in New York," i.e. that Plaintiff purchased her train ticket in New York. Even assuming that fact was sufficiently alleged in the Complaint,[1] it is well-established that the purchase of a ticket in New York is not sufficient to confer personal jurisdiction where the alleged injury occurred elsewhere. The Second Circuit addressed this issue in an action with similar facts. In *Gelfand v. Tanner Motor Tours, Ltd.*, plaintiffs allegedly suffered injury on a bus owned and operated by defendants while traveling from Nevada to Arizona and argued there was personal jurisdiction over the defendants in New York because plaintiffs had purchased the tickets in New York. 339 F.2d 317, 321 (2d Cir. 1964) ("assum[ing] for the sake of argument that the sale of the tickets by defendants to plaintiffs through Herren-Rogers was a business transaction within New York."). The Second Circuit held:

> We cannot, however, agree that plaintiffs' cause of action in tort arose from [the sale of the bus tickets in New York]. The alleged negligence of defendants, the subsequent

---

[1] The Complaint does not allege that Plaintiff purchased her ticket in New York. Rather, it alleges that Plaintiff, a resident of New York, *see* Complaint at ¶ 1, "purchased a round trip eTicket from [Amtrak]," *id.* at ¶ 36, and does not say where she was when she purchased the ticket.

5

> injury to plaintiffs, and every relevant occurrence connecting these two events, all took place three thousand miles from Long Island, New York.

*Id.* at 321. Courts in this circuit have consistently found the same: the purchase of a ticket or the signing of a contract in New York that is the "but-for cause of an out-of-state, non-commercial tort" is not sufficient to create the necessary nexus. *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 802 (S.D.N.Y. 2015), *aff'd*, 660 F. App'x 43 (2d Cir. 2016). "Importantly, the arising from prong of section 302(a)(1) does not require a causal link, but rather requires a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former." *Id.* at 802 (quotation marks omitted) (where plaintiffs' son died in an accident allegedly due to the negligence of foreign defendants, the court held "the fact that contracts signed in New York served as 'a link in the chain of causation leading to plaintiff's claims' is not itself sufficient for purposes of section 302(a)(1)"). Accordingly, "[t]he mere purchase of a ticket in New York is insufficient to establish personal jurisdiction based upon an injury that occurred elsewhere while travelling on that ticket." *Cordice v. LIAT Airlines*, No. 14 Civ. 2924, 2015 WL 5579868, at *4 (E.D.N.Y. Sept. 22, 2015) (declining to find personal jurisdiction over foreign defendant airline where plaintiff was allegedly injured during flight based on purchase of ticket in New York); *see also Rodriguez v. Circus Circus Casinos, Inc.*, No. 00 Civ. 6559, 2001 WL 21244, at *3 (S.D.N.Y. Jan. 9, 2001) (where plaintiff allegedly suffered injury in casino in Nevada, the court found no personal jurisdiction because, "[e]ven if [plaintiff] had made his hotel reservation over [defendant's] website [in New York] . . . the personal injuries at the heart of this lawsuit arose, if at all, from the allegedly negligent conduct of the defendants in Nevada rather than from the making of a hotel reservation. Absent the requisite nexus, there is no basis for long-arm jurisdiction over [defendant]"); *Torres v. Monteli Travel, Inc.*, No. 09 Civ. 2714, 2011 WL 2670259, at *9 (E.D.N.Y. July 7, 2011) (finding section 302(a)(1) did not confer

jurisdiction over defendant for a salsa band's intentional tort claims occurring on a cruise ship off the coast of Florida where the contract to perform on the ship was signed in New York).

For the same reason, Plaintiff's argument that Amtrak's liability "arises out of its breach of the contract of safe passage" with Plaintiff is unavailing. The alleged breach of the "contract of safe passage" occurred in Washington, D.C., and although the purchase of the train ticket in New York is causally related to that injury, the injury is not "substantially related to," nor does it "arise from," the purchase. *D & R Glob.*, 78 N.E.3d at 1176; *accord Licci*, 984 N.E.2d at 900 (stating that the "articulable nexus" and "substantial relationship" standards require, "at a minimum, a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former").

Plaintiff's caselaw is inapposite. Plaintiff cites two cases in which courts found personal jurisdiction over defendants in trademark infringement suits based on shipments of infringing goods to New York. *See Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC*, No. 15 Civ. 8459, 2016 WL 3748480, at *3 (S.D.N.Y. July 8, 2016) ("Defendants allegedly offering and selling infringing products in New York from their own website provides one basis for personal jurisdiction under § 302(a)."); *Chloe*, 616 F.3d at 170 (holding that operation of highly interactive website plus over 50 shipments of counterfeit goods into New York was sufficient for personal jurisdiction). But Plaintiff's analysis disregards the requirement that "at least one element [of the cause of action] arise[] from New York contacts." *D & R Glob.*, 78 N.E.3d at 1176. That element was satisfied in *Lifeguard Licensing Corp.* and *Chloe* because the shipment of infringing goods to New York gave rise to the plaintiffs' claim that the defendants were infringing the plaintiffs' trademarks in New York. *See Lifeguard Licensing Corp.*, 2016 WL 3748480 at *3; *Chloe*, 616 F.3d at 170. In contrast, here, both the wrongful conduct and the

injury allegedly occurred in Washington, D.C., not New York. Accordingly, this argument fails and Amtrak's motion is granted.[2]

Plaintiff does not rely on any alternative provision in the New York long-arm statute besides CPLR § 302(1)(a), nor do any of these other provisions appear to apply. They require a cause of action that arises from "a tortious act within the state," "a tortious act without the state causing injury . . . within the state," or the ownership, use or possession of real property in the state, C.P.L.R. § 302(a)(2)-(4), none of which exist here. In any event, Plaintiff has waived reliance on these other provisions, as she did not respond to Amtrak's arguments that they are inapplicable. *See, e.g., Hongxia Wang v. Enlander*, No. 17 Civ. 4932, 2018 WL 1276854, at *7 (S.D.N.Y. Mar. 6, 2018) (finding that "the theory was abandoned because Plaintiff did not respond to Defendant's argument"); *Kao v. British Airways, PLC*, No. 17 Civ. 0232, 2018 WL 501609, at *5 (S.D.N.Y. Jan. 19, 2018) ("Plaintiffs' failure to oppose Defendants' specific argument in a motion to dismiss is deemed waiver of that issue.").

## III. PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT

Plaintiff requests leave to amend the Complaint "consistent with the Court's ruling." Leave to amend "should be 'freely give[n] . . . when justice so requires,' Fed. R. Civ. P. 15(a)(2), but should generally be denied in instances of futility, undue delay, bad faith or dilatory motive,

---

[2] A court in the Eastern District of New York recently stated in dicta that it might find personal jurisdiction over Amtrak regarding a claim arising from a train crash, which "directly implicates Amtrak's duty to exercise reasonable care for the safety of its passengers," distinguishing it from a case where the court found no personal jurisdiction over an airline related to a spilled cup of coffee during a flight. *See Mconney v. Amtrak*, No. 18 Civ. 05290, 2020 WL 435366, at *3 n.3 (E.D.N.Y. Jan. 28, 2020) (quotation marks omitted) (distinguishing *Cordice v. LIAT Airlines*, No. 14 Civ. 2924, 2015 WL 5579868 (E.D.N.Y. Sept 22, 2015)). Adding dicta to dicta, the decision in *Gelfand* appears to require a finding of no personal jurisdiction in both the train wreck and spilled coffee situations, and in any event, the slip and fall here is more akin to the spilled coffee.

repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (quotation marks omitted and alteration in original). "A proposed amendment . . . is futile when it could not withstand a motion to dismiss." *F5 Capital v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017) (quotation marks omitted). Here, even were Plaintiff to amend her Complaint to allege that she purchased her train ticket in New York, that would not give rise to personal jurisdiction over Amtrak, as discussed above. Nor could any additional allegations confer jurisdiction given the fundamental fact that Amtrak's alleged negligence and Plaintiff's injury occurred in Washington, D.C. Plaintiff's request for leave to amend is denied.

## IV. REMAND

Plaintiff requests that the Court remand the action if Amtrak's motion to dismiss is granted. Defendants could have, but did not address, the issue of the Court's exercise of supplemental jurisdiction in the event that Amtrak's motion to dismiss was granted. *See Catzin v. Thank You & Good Luck Corp.,* 899 F.3d 77, 84 (2d Cir. 2018) ("We note that an opportunity to be heard on whether to exercise supplemental jurisdiction may be inherent in the course of pre-trial proceedings such as those resolving motions to dismiss . . . In such situations, a district court need not provide a separate opportunity to be heard beyond the briefing and resolution of such motions.").

Here, subject matter jurisdiction in this case arose from Plaintiff's suit against Amtrak. *See* Dkt. No. 19. Having dismissed Amtrak as a defendant, the action solely involves a state law claim, and the remaining parties lack diversity.[3] Although the Court has discretion to exercise

---

[3] The Complaint alleges, and no Defendant disputes, that Defendant Ashkenazy Acquisition Corp. "was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York." As the Complaint also alleges that Plaintiff is a resident of

9

supplemental jurisdiction over the remaining claims, *see Wisconsin Dep't. of Corr. v. Schacht,* 524 U.S. 381, 390-91 (1998) (noting that district courts may exercise supplemental jurisdiction over state law claims after federal claims providing removal jurisdiction are dismissed), "district courts may [also] decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) (quotation marks omitted); *accord Woolf v. Bloomberg L.P.*, No. 16 Civ. 6953, 2019 WL 1046656, at *21 (S.D.N.Y. Mar. 5, 2019), *aff'd sub nom. Woolf v. Strada*, 949 F.3d 89 (2d Cir. 2020), and *aff'd sub nom. Woolf v. Strada*, 792 F. App'x 143 (2d Cir. 2020).

Here, these factors do not compel the exercise of supplemental jurisdiction because the case remains in a relatively early stage of proceedings as discovery has not yet ended, no motions on the merits have been decided, and the "interests of comity militate[] in favor of remand because the case [is] predominantly a matter of state law." *Chapman v. Crane Co.*, 694 F. App'x 825, 829 (2d Cir. 2017) (affirming remand of personal injury case where District Court declined to exercise supplemental jurisdiction after "effectively excis[ing] any claim on which a government-contractor defense could be premised and thereby extinguish[ing] the basis on which this action was originally removed"). Accordingly, the Court declines to exercise

---

New York, this destroys diversity. *See* 28 U.S.C.A. § 1332(c)(1) ("For the purposes of this section . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated.").

supplemental jurisdiction over Plaintiff's claim against the remaining Defendants, and the action is remanded. The remaining Defendants' motion to dismiss is denied as moot.

## IV. CONCLUSION

For the foregoing reasons, Amtrak's motion to dismiss is GRANTED, and Plaintiff's request to amend the Complaint is DENIED. The action is hereby REMANDED to state court, and the remaining Defendant's motion to dismiss is DENIED as moot.

The Clerk of Court is respectfully requested to close the motions at Dkt. No. 31 and 32 and to close the case.

Dated: June 2, 2020
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**